IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| Nelma Denise Savage, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 0:20-cv-03504-MBS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On October 2, 2020, Plaintiff Nelma Denise Savage filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of Defendant Commissioner of Social Security's (the "Commissioner") final decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff filed her DIB and SSI applications on March 21, 2018, alleging disability beginning October 1, 2017.  Plaintiff alleged disability due to impairments of her right hand and right leg.  Plaintiff's applications were denied initially and again upon reconsideration.  An Administrative Law Judge ("ALJ") presided over a hearing held on December 18, 2019 and issued an unfavorable decision on January 30, 2020.  The ALJ determined that Plaintiff has severe impairments of ulnar neuropathy left arm, carpal tunnel syndrome in the right hand status post release, revision of the right ulnar nerve transposition, right Guyton's canal release, and degenerative joint disease of the right hip.  ECF No. 10-2 at 20.  However, the ALJ found that while these impairments "could reasonably be expected to cause the alleged symptoms . . . the claimant's statements

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 22. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. Plaintiff thereafter appealed the decision to this court.

On June 21, 2021, Plaintiff filed her brief challenging the ALJ's decision on the ground that the ALJ's assessment of Plaintiff's residual functional capacity was not supported by substantial evidence. ECF No. 14. The Commissioner filed her response to Plaintiff's brief on July 28, 2021. ECF No. 16. Plaintiff did not file a reply.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report"). On October 15, 2021, the Magistrate Judge filed her Report recommending that the court reverse the Commissioner's decision to deny benefits and remand for further consideration. ECF No. 17. The Magistrate Judge determined that the ALJ's evaluation of Plaintiff's subjective complaints was not supported by substantial evidence and additionally that the ALJ misapplied the legal standard in evaluating the complaints. *Id.* at 3. Specifically, the Magistrate Judge found that the ALJ failed to address the qualifying statements Plaintiff made about her daily activities, *id.* at 6-7 (citing *Arakas v. Commissioner*, 983 F.3d 83, 99 (4th Cir. 2020) ("an ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them"); and that the ALJ failed to explain why she determined the medical records as a whole were inconsistent with

Plaintiff's disabling allegations of pain when, the Magistrate Judge noted, "many of these [records] appear to in fact support Plaintiff's allegations," ECF No. 17 at 9.  Accordingly, the Magistrate Judge determined that remand is warranted for "further consideration and explanation of the ALJ's consideration of Plaintiff's subjective complaints and ultimately how she arrived at Plaintiff's residual functional capacity."  *Id.*  The Magistrate Judge notified the parties of their right to file objections to the Report, *id.* at 11, and the Commissioner filed a notice indicating she does not intend to object to the Report's findings and recommendation, ECF No. 18.

       This matter is now before the court for review of the Magistrate Judge's Report.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

       Notwithstanding the Commissioner's notice of no objection, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation.  The court adopts the Report, ECF No. 17, and incorporates it herein by reference.  The

4

Commissioner's final decision of no disability is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further consideration.

    **IT IS SO ORDERED.**

                                            /s/Margaret B. Seymour
                                            Margaret B. Seymour
                                            Senior United States District Judge

November 10, 2021
Columbia, South Carolina